Chen v. Holder

BIA
A094 917 582

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JIN MING CHEN,
> *Petitioner,*

> v.                                            11-853
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Richard Tarzia, Belle Meade, New Jersey.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sheri R. Glaser, Trial Attorney; Andrea Shuford; Legal Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Ming Chen, a native and citizen of the People's Republic of China, seeks review of a February 2, 2011, order of the BIA denying his motion to reopen. *In re Jin Ming Chen*, No. A094 917 582 (B.I.A. Feb. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA denied Chen's motion on the grounds that he failed to demonstrate his *prima facie* eligibility for relief due to his failure to allege that he intends to publicly practice Falun Gong in China and that anyone in China is aware of his Falun Gong practice.

The BIA may deny a motion to reopen based on the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In order to establish *prima facie* eligibility for relief, an alien must show "a realistic

2

chance that he will be able to establish eligibility."
*Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir. 2005)(internal quotation marks omitted).  In order to establish eligibility for asylum based on future persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Although a fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000), there must be "solid support" in the record and the claim must be more than "speculative."  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

An applicant can demonstrate an objectively reasonable fear of persecution "in one of two ways: first, by offering evidence that [he] would be singled out individually for persecution; and second, by proving the existence of a pattern or practice in [his] country of nationality of persecution of a group of persons similarly situated to [him] and establishing [his] own inclusion in, and identification with, such a group."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (quotations and

alterations omitted).  As Chen did not argue that there is a "pattern or practice" of persecution against Falun Gong practitioners in China, he was required to establish a realistic chance that he would be able to show he would be singled out for persecution.  *Id.*

Chen's arguments that the BIA erred by failing to consider his evidence of country conditions and by requiring him to establish the Chinese government's awareness of his Falun Gong activities are unavailing as the BIA specifically mentioned Chen's evidence in its decision and reasonably concluded that the evidence did not establish an individualized fear of future persecution.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.1 (2d Cir. 2006) ("we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"); *Hongsheng Leng*, 528 F.3d at 142 ("to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

4

Moreover, the BIA did not abuse its discretion by finding that Chen had failed to present sufficient evidence that the Chinese authorities were aware or likely to become aware of his activities, as his affidavit in support of his motion did not indicate his intent to practice Falun Gong publicly in China and he presented no evidence that the Chinese government monitored activities in the United States. *See Jian Xing Huang,* 421 F.3d at 129 (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."). *Cf. Kyaw Zar Tun v. INS*, 445 F.3d 554, 570 (2d Cir. 2006) (finding alien's activities in this country could support a claim for relief where there was evidence that "the Burmese military regime maintains a thorough and systematic intelligence-gathering and surveillance apparatus directed specifically at deterring pro-democracy activities of Burmese citizens both inside and outside of Burma"). Consequently, the BIA did not abuse its discretion by denying Chen's motion to reopen on the ground that he did not demonstrate his *prima facie* eligibility of relief. *See Abudu*, 485 U.S. at 104-05.

5

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk